United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AILEANA W.,

Plaintiff,

v.

KILOLO KIJAKAZI,

Defendant.

Case No. 20-cv-05492-DMR

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND MOTION TO REMAND**

Re: Dkt. Nos. 24, 29

Plaintiff Aileana W. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied her application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. Plaintiff asks the court to remand this matter for award of benefits. [Docket No. 24.] The Commissioner concedes that the final administrative decision must be reversed but seeks remand for further proceedings instead of an award of benefits. [Docket No. 29.] For the reasons stated below, the court grants in part and denies in part Plaintiff's motion for summary judgment, grants the Commissioner's motion to remand, and remands this matter for further administrative proceedings.

I.    PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on June 6, 2017, alleging disability beginning July 1, 2007. Administrative Record ("A.R.") 257-263. The application was initially denied on October 27, 2017 and again on reconsideration on February 13, 2018. A.R. 184-188, 197-202. An Administrative Law Judge ("ALJ") held a hearing on February 6, 2019 and issued an unfavorable decision on May 9, 2019. A.R. 11-23. The ALJ determined that Plaintiff has the following severe impairments: gender dysphoria, major depressive disorder, and unspecified

1    anxiety disorder.  A.R. 16.  The ALJ found that Plaintiff retains the following residual functional

2    capacity ("RFC"):

> [T]o perform a full range of work at all exertional levels but with the
> following nonexertional limitations: has to avoid concentrated use of
> hazardous machinery and avoid concentrated exposure to unprotected
> heights; work would be limited to simple as defined in the D.O.T. as
> SVP levels one and two, routine and repetitive tasks; needs to work
> in a low stress job defined as having only occasional decision-making
> and changes in the work setting; only occasional interaction with the
> general public; work can be around co-workers throughout the day,
> but only with occasional interaction with co-workers.

8    A.R. 19.  Relying on the opinion of a vocational expert ("V.E.") who testified that an individual

9    with such an RFC could perform other jobs existing in the economy, including farm worker II;

10   hand packager; and industrial cleaner, sweeper, the ALJ concluded that Plaintiff is not disabled.

11   A.R. 22.

12        After the Appeals Council denied review, Plaintiff sought review in this court pursuant to

13   42 U.S.C. § 405(g).  In her motion for summary judgment, Plaintiff raised several grounds for

14   reversal of the ALJ's decision, including that the ALJ erred in her evaluation of the medical

15   opinions of two examining physicians, Dr. Kerosky and Dr. Wiebe, and one non-examining

16   psychologist, Dr. Brown.  Pl.'s Mot. 7-13.  Plaintiff asks the court to remand for an immediate

17   award of benefits.  *Id*. at 20-21.  In response, the Commissioner filed a motion for remand, stating

18   that the parties agree that the ALJ erred in her assessment of Dr. Kerosky's opinions, and therefore

19   remand is warranted, but the parties could not stipulate to the appropriate type of remand.  Def.'s

20   Mot. 1-2.  Plaintiff maintains that the remand should be for an immediate award of benefits, while

21   the Commissioner argues the remand should be for further proceedings.  *See generally* Reply;

22   Def.'s Mot. at 11-12.

23   **II.    ISSUE FOR REVIEW**

24        Whether the ALJ's error in assessing the medical opinions of Dr. Kerosky warrants

25   remand for an immediate award of benefits or for further proceedings.

26   **III.   STANDARD OF REVIEW**

27        Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the

28   Commissioner denying a claimant disability benefits.  "This court may set aside the

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal

2    error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180

3    F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the

4    record that could lead a reasonable mind to accept a conclusion regarding disability status.  *See*

5    *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a mere scintilla, but less than a

6    preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

7    When performing this analysis, the court must "consider the entire record as a whole and may not

8    affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec.*

9    *Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

10        If the evidence reasonably could support two conclusions, the court "may not substitute its

11   judgment for that of the Commissioner" and must affirm the decision.  *Jamerson v. Chater*, 112

12   F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "Finally, the court will not reverse an ALJ's

13   decision for harmless error, which exists when it is clear from the record that the ALJ's error was

14   inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d

15   1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

16   **IV.   DISCUSSION**

17        As noted, the parties agree that the ALJ erred in assessing the medical opinions of Dr.

18   Kerosky.  Plaintiff filed an application for disability benefits after March 27, 2017; the court

19   therefore analyzes the claim under the Social Security Administration's ("SSA") regulations and

20   Social Security Rulings regarding the evaluation of medical opinion evidence that became

21   applicable as of that date.  This includes SSR 96-2p, "Titles II and XVI: Giving Controlling

22   Weight to Treating Source Medical Opinions." *See Rescission of Soc. Sec. Rulings 96-2p, 96-5p,*

23   *& 06-3p*, SSR 96-2P (S.S.A. Mar. 27, 2017).  Under the new regulations, the SSA will no longer

24   give "any specific evidentiary weight, including controlling weight," to medical opinions or prior

25   administrative medical findings, including those from treating physicians.  20 C.F.R. §

26   404.1520c(a); 20 C.F.R. § 416.920c(a).  Instead, the SSA must evaluate the "persuasiveness" of

27   all medical opinions based on several factors, including supportability, consistency, the source's

28   relationship with the claimant, length of the treatment relationship, frequency of examinations,

United States District Court
Northern District of California

1    purpose of the treatment relationship, whether the source has examined the claimant, any

2    specialization, and other factors, such as "evidence showing a medical source has familiarity with

3    the other evidence in the claim or an understanding of [the SSA's] disability program's policies

4    and evidentiary requirements." 20 C.F.R. 20 C.F.R. § 404.1520c(a), (c), 20 C.F.R. § 416.920c(a),

5    (c). "The two 'most important factors for determining the persuasiveness of medical opinions are

6    consistency and supportability,' which are the 'same factors' that 'form the foundation of the

7    current treating source rule.'" *V.W. v. Comm'r of Soc. Sec.*, No. 18-CV-07297-JCS, 2020 WL

8    1505716, at \*13 (N.D. Cal. Mar. 30, 2020) (quoting Revisions to Rules, 82 Fed. Reg. 5844-01 at

9    5853); *see* 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(b)(2). "Although the regulations

10   eliminate the 'physician hierarchy,' deference to specific medical opinions, and assigning 'weight'

11   to a medical opinion, the ALJ must still 'articulate how [they] considered the medical opinions'

12   and 'how persuasive [they] find all of the medical opinions." *V.W.*, 2020 WL 1505716 at \*14

13   (citation omitted). "Further, the ALJ is required to specifically address the two most important

14   factors, supportability and consistency." *Id.* (citing 20 C.F.R. § 416.920c(b)); *see also* 20 C.F.R. §

15   404.1520c(b).

16        Here, the Commissioner concedes that the ALJ did not evaluate Dr. Kerosky's opinions

17   under the new rubric and failed to address the factors of supportability and consistency. Def.'s

18   Mot. 2. Accordingly, the only remaining issue is whether the case should be remanded for further

19   proceedings or for immediate award of benefits.

20        **A.     Legal Standard**

21        A court may remand a disability case for further proceedings "if enhancement of the record

22   would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). It

23   may only remand for benefits, on the other hand, "where the record has been fully developed and

24   further administrative proceedings would serve no useful purpose." *Id.* (citations omitted). In

25   determining whether to remand for benefits, the Ninth Circuit has devised a "three-part credit-as-

26   true standard." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of the standard

27   must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award

28   benefits:

4

1

2

3

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

4

*Id*. (citations omitted).  A court is required to remand for further development of a disability case

5

when, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the

6

record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

7

**B.      Analysis**

8

Maria Kerosky, Ph.D., completed a psychological disability evaluation on October 4, 2017.

9

A.R. 392-398.  Dr. Kerosky took Plaintiff's history, performed a mental status examination, and

10

administered three tests.  A.R. 392.  In relevant part, Dr. Kerosky found that Plaintiff's intellectual

11

functioning was in the low average range with mildly impaired comprehension.  Dr. Kerosky

12

assessed a full scale IQ of 77.  A.R. 396-396.  With respect to the mental status exam, Dr. Kerosky

13

noted that Plaintiff "presented as an anxious, depressed woman" and "was a limited, somewhat

14

evasive historian" with fair motivation, interest, and effort.  Plaintiff displayed limited eye contact

15

and had an anxious and depressed affect.  Her speech comprehension was mildly impaired and she

16

had difficulty answering questions related to hypothetical situations and fair insight, but other

17

findings were within normal limits or otherwise unremarkable.  A.R. 395.

18

Dr. Kerosky diagnosed Plaintiff with unspecified depressive disorder vs. major depressive

19

disorder; unspecified anxiety disorder; rule out unspecified neurocognitive disorder.  A.R. 397.

20

Dr. Kerosky concluded that Plaintiff had moderate impairments in several areas, including her

21

ability to maintain adequate, sustained attention and concentration during a routine workday and

22

adapting to changes in job routine.  She also opined that Plaintiff is markedly impaired in her

23

ability to adapt to stressors in the workplace setting and complete a normal workday or workweek

24

without interruptions related to her psychiatric condition.  A.R. 397-398.

25

In discussing Dr. Kerosky's evaluation, the ALJ noted that Plaintiff's mental status

26

examination was "unremarkable" and that during testing, Plaintiff "made no errors completing

27

Trails A and B."  A.R. 18.  The ALJ found Dr. Kerosky's opinions "partially persuasive because,

28

with the exception of her findings of marked limitation in abilities related to adapting or managing

United States District Court
Northern District of California

1    oneself, they are consistent with the medical evidence of record." *Id.* The ALJ then adopted the

2    October 25, 2017 mental residual functional capacity statement of state agency physician M.

3    Morando, M.D. A.R. 19. Dr. Morando opined that Plaintiff is able to follow simple 1-2 step

4    instructions and has only mild to moderate limitations in functioning. A.R. 129.

5        Applying these facts to the three-part credit-as-true standard, the parties do not dispute that

6    Plaintiff has satisfied the second and third parts of the test. With respect to the second part, the

7    parties agree that the ALJ erred in failing to provide legally sufficient reasons for rejecting Dr.

8    Kerosky's assessments of marked limitations in certain areas. As to the third part, the

9    Commissioner does not dispute that if the rejected portion of Dr. Kerosky's opinions was credited,

10   the ALJ would be required to find Plaintiff disabled on remand. *See* A.R. 126 (VE's testimony

11   that if an individual with Plaintiff's RFC had two absences per month due to interruptions related

12   to her psychiatric condition, all competitive work would be eliminated). A.R. 126. The parties'

13   dispute, therefore, centers on the first part of the credit-as-true standard: whether "the record has

14   been fully developed and further administrative proceedings would serve no useful purpose."

15   *Garrison*, 759 F.3d at 1020.

16       The court finds that this matter should be remanded for further administrative proceedings.

17   The ALJ concluded that "[t]he medical evidence of record is inconsistent with disabling mental

18   impairment," noting that there were only two records related to Plaintiff's mental condition. A.R.

19   17-18. One was a treatment record from October 2015 reflecting Plaintiff's request for a "letter

20   for gender marker change for birth certificate." According to the provider, Plaintiff displayed a

21   constricted mood and affect and had poor eye contact but responded "not at all" to all depression

22   screening questions. A.R. 334-335. The second record was a jail intake record from April 2017.

23   A.R. 348-375. While the individual completing the intake form checked "yes" to indicate that

24   Plaintiff was "[a]cting in [an] incoherent or strange manner," the form reflects that Plaintiff denied

25   any "acute medical/psych[ological] conditions" or symptoms and denied any past or present

26   diagnoses. A.R. 351, 353, 354. The ALJ described these records and noted that Plaintiff "has

27   submitted no other treatment records." A.R. 18.

28       Plaintiff argues that the ALJ failed to consider detailed treatment records from therapy

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    sessions at the Wright Institute Recovery Clinic, which she contends are consistent with and

2    support the medical opinions in the record supporting severe and marked impairments in

3    Plaintiff's functioning, including Dr. Kerosky's opinions.  *See* Pl.'s Mot. 10, 12.  The Wright

4    Institute records document two intake visits and nine therapy sessions with psychology graduate

5    students from January through May 2019.  A.R. 33-83.  The Commissioner does not dispute that

6    the ALJ did not address these records but contends that Plaintiff never submitted this evidence to

7    the ALJ.  Instead, Plaintiff submitted the records to the Appeals Council with her request for

8    review of the ALJ's decision.  Def.'s Mot. 9; *see* A.R. 2.

9           The Ninth Circuit has explained that "[a]dministrative proceedings are generally useful

10   where the record has [not] been fully developed, there is a need to resolve conflicts and

11   ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the

12   passage of time[.]"  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

13   (internal citations and quotation marks omitted).  Here, the ALJ discounted Dr. Kerosky's

14   opinions in part because Plaintiff had submitted very few treatment records.  The ALJ never had

15   the opportunity to consider the Wright Institute records, which contain more details and

16   observations about Plaintiff's ability to function.  For example, in the Wright Institute's initial

17   mental health assessment performed on January 28, 2019, the provider concluded that Plaintiff is

18   severely impaired in the areas of "socialization/communication" and "depressive symptoms," and

19   that she is moderately limited in several areas, including in "school performance/employment" and

20   "cognition/memory/thought."  A.R. 49, 53.  In a subsequent "client plan," a provider concluded

21   that Plaintiff is severely impaired in the areas of health, self-care, interpersonal relationships, and

22   "occupational," noting that, "Client's [mental health] symptoms impede her from seeking out and

23   maintaining consistent work . . ."  A.R. 57.  The court concludes that further administrative

24   proceedings would allow the ALJ to synthesize these newer records to determine whether they

25   affect the evaluation of the medical record as a whole, and of Dr. Kerosky's opinions in particular.

26   Accordingly, the court remands this matter.  On remand, the ALJ shall re-examine the medical

27   opinion evidence as well as Plaintiff's testimony in light of the Wright Institute treatment records.

28

7

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.     CONCLUSION

For the foregoing reasons, the court grants in part and denies in part Plaintiff's motion for summary judgment, grants the Commissioner's motion to remand, and remands this matter for further administrative proceedings.

**IT IS SO ORDERED.**

Dated: March 14, 2022



Donna M. Ryu
United States Magistrate Judge

8